IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIZABETH FORWARD SCHOOL
DISTRICT,

              *Plaintiff*,

    v.

CM REGENT INSURANCE COMPANY,

              *Defendant*.

Civil Action No. 2:25-cv-1966

Hon. William S. Stickman IV

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Elizabeth Forward School District ("EFSD") filed a two-count complaint against Defendant CM Regent Insurance Company ("CM Regent") in the Court of Common Pleas of Allegheny County, Pennsylvania. EFSD alleges a breach of its insurance policy and that CM Regent engaged in bad faith with respect to its coverage decision under the insurance policy. (ECF No. 1-1). CM Regent removed the action. (ECF No. 1). EFSD filed a motion to remand (ECF No. 9), which the Court denied (ECF No. 17). Pending before the Court is the Motion of Defendant, CM Regent Insurance Company, to Dismiss Count II – Bad Faith, 42 P.S. § 8371 from Plaintiff's Complaint and to strike immaterial, impertinent and/or scandalous allegations in the complaint. (ECF No. 6). For the following reasons, the motion will be denied.

## I.  FACTUAL BACKGROUND

This case arises out of a fire in the auditorium of Elizabeth Forward High School. (ECF No. 1-1, p. 5). As a result of the fire and firefighting efforts, the auditorium was destroyed and adjacent areas were severely damaged. (*Id*.). EFSD had an insurance policy issued by CM

1

Regent, which obligates it to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss. (*Id*.). EFSD alleges that the auditorium and adjacent areas are covered property. (*Id*. at 6). Likewise, it pleads that the fire was a covered cause of loss. (*Id*.).

EFSD has begun construction of a new auditorium on the same premises, but on the other side of the building. (*Id*.). It alleges that this was necessary to maintain the original seating capacity, which it represents was 798 seats, while complying with the current Americans with Disabilities Act and its Accessibility Guidelines ("ADAAG"). (*Id*. at 7). According to EFSD, rebuilding the auditorium in the original location consistent with the ADAAG would have encroached on the lobby, gym and library of the school. (*Id*.).

CM Regent used John C. Sopczynski ("Sopczynski") of Sedgwick as its claims adjuster. (*Id*.). EFSD's contractor sent Sopczynski a Dropbox link that included the original drawing for the auditorium. (*Id*. at 8). Sedgwick retained J.S. Held to evaluate the rebuilding plans. J.S. Held assigned the work to Erik Fritzberg ("Fritzberg"), a registered architect. (*Id*.). Fritzberg toured the site of the burned auditorium and concluded that the pre-fire structure had a seating capacity of 530 seats. (*Id*.). Based on this capacity, he opined that the auditorium could be rebuilt in the original location. (*Id*.). EFSD alleges that Fritzberg reached his conclusion on capacity despite the fact that he had evidence that the original capacity was 798 seats. (*Id*.) It contends that it pointed out Fritzberg's alleged error to Sedgwick, but that Sedgwick ignored the evidence and, indeed, attacked the rebuilding plans of EFSD's contractor. (*Id*. at 9).

Fritzberg issued a Supplemental Auditorium Report on August 27, 2025, that claims that EFSD withheld requested information about the auditorium. EFSD counters that the report concealed Fritzberg's knowledge that CM Regent had the drawings of the auditorium since June

2024. (*Id.*). EFSD pleads that, despite actual knowledge that the auditorium's actual capacity was almost 50% larger than his initial assessment, Fritzberg refused to amend his assessment. (*Id*. at 10).

The complaint alleges that Fritzberg's inaccurate report was delivered to CM Regent, and that it formed the basis of CM Regent's coverage decision. Ultimately, CM Regent concluded that it was not necessary to rebuild the auditorium in the new location because it could be rebuilt in the original footprint. (*Id.*). CM Regent also disclaimed liability for paying to replace the foundation and caissons under the destroyed auditorium and for replacing damaged equipment and systems in the boiler and mechanical rooms, as well as a damaged gymnasium floor. (*Id*. at 11-12). EFSD alleges that CM Regent's coverage decision is a breach of the insurance policy. Further, it contends that the decision was made in bad faith in violation of Pennsylvania's insurance bad faith statue, 42 P.S. § 8371.

## II.    ANALYSIS

### A.    MOTION TO DISMISS COUNT II

#### 1.    Standard of review for a Rule 12(b)(6) motion.

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to

accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### 2. EFSD pled a plausible bad faith claim.

EFSD brings its bad faith action under the Pennsylvania bad faith law, which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 P.S. § 8371. The insured can show bad faith by offering clear and convincing evidence that the insurer: (1) "did not have a reasonable basis for denying benefits under the policy"; and (2) "knew of or recklessly disregarded its lack of reasonable basis in denying the claim." *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011) (quoting *Terletsky v. Prudential Prop. &*

4

*Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)); *see also Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Courts interpreting § 8371 have identified three specific acts constituting bad faith: (1) frivolous or unfounded refusal to pay, (2) failure to investigate the facts, and (3) failure to communicate with the insured. *Woistman v. Nationwide Mutual Ins. Co.*, Civil Action No. 2:19-cv-01279, 2019 WL 13221264, *3 (W.D. Pa. Dec. 6, 2019) (citing *Hanover Ins. Co. v. Ryan*, 619 F.Supp.2d 127, 140 (E.D. Pa. 2007)).

EFSD does not have to prove its case at this stage. Rather, the only question is whether, taking all of the allegations in the complaint as true, EFSD has pled a plausible bad faith claim. The Court holds that it has. Count II of the complaint alleges that CM Regent "did not have a reasonable basis for its breach of contract," and "knew of or recklessly disregarded its lack of a reasonable basis [for honoring its alleged coverage obligations]." (ECF No. 1-1, p. 15). The bad faith allegations specifically reference and incorporate paragraph 80 of the complaint, which highlights a number of ways that EFSD claims CM Regent breached its obligations under the insurance policy and failed to appropriately investigate the claim. (*Id*. at 13-14).

The Court notes that there are a number of allegations in the complaint that, if substantiated, could evidence bad faith in the investigation of EFSD's claim. For example, a key difference in position between EFSD and CM Regent is the capacity of the pre-fire auditorium. The seating capacity is a question of fact that may have important implications on the ultimate coverage decision. EFSD alleges that CM Regent was provided with multiple forms of evidence that show that the auditorium held nearly 800 people. Yet, it alleges that CM Regent ignored the evidence and relied on an allegedly questionable investigation suggesting a capacity of only 500 people. The complaint also alleges a number of other coverage decisions by CM Regent that plausibly stem from a failure to properly investigate EFSD's claims. Finally, to the extent that

CM Regent's coverage decisions were based on an actionably deficient investigation, it may plausibly be found to have engaged in a frivolous or unfounded refusal to pay.

When reviewing the allegations of the complaint as a whole, the Court holds that EFSD has pled enough to survive CM Regent's motion to dismiss. It will be permitted to take discovery to explore the contours of its claims.

### B.    MOTION TO STRIKE

#### 1.    Standard of review for a Rule 12(f) motion.

Under Rule 12(f), a court may strike content of a complaint that is "immaterial, impertinent, and/or scandalous." FED. R. CIV. P. 12(f). Here, CM Regent's motion to strike aims to strike allegations that it deems to be immaterial. "Content is immaterial when it has no essential or important relationship to the claim for relief." *Champ v. USAA Casualty Insurance Company*, No. 5:20-cv-01238, 2020 WL 1694372, at *2 (E.D. Pa. Apr. 7, 2020) (quoting *Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quotation omitted)). The Court maintains sound discretion in such a motion. *American Power, LLC v. Speedco., Inc.*, No. 1:15-cv-2091, 2016 WL 6563671, at *1 (M.D. Pa., Nov. 4, 2016). To strike a pleading is a "drastic remedy" and the Court will not resort to it absent demonstrable prejudice. *See In re Chambers Dev. Sec. Litig.*, 848 F. Supp. 602, 617 (W.D. Pa. 1993) (citing *Great West Life Assur. Co. v. Leviathan*, 834 F. Supp. 858, 862 (E.D. Pa. 1993)). Thus, in order to prevail on a motion to strike, the moving party must demonstrate that "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428–29 (E.D. Pa. 2007).

6

**2.    There is no need to strike any allegations in the complaint.**

CM Regent asks the Court to strike paragraphs 49, 50, 51, 55, 56, 59, 80(j), 80(m), 80(n), 80(q), 80(s), and 85 of the complaint.  These allegations generally relate to the work of Fritzberg in undertaking the investigation into EFSD's claims on behalf of CM Regent.  The motion argues that these paragraphs, particularly paragraphs 49, 50, 51, 55, 56, and 59, "have no bearing on Plaintiff's breach of contract claim or bad faith claim, and improperly cast a derogatory light on Fritzberg and CM Regent."  (ECF No. 8, p. 20).

The Court holds that CM Regent has not met its burden to warrant the drastic remedy of striking the allegations targeted by the motion to strike.  The allegations are not immaterial. They relate to EFSD's theory that Fritzberg mishandled the investigation into the insurance claim.  They are not scandalous.  CM Regent cannot reasonably establish that these allegations— which are relatively mundane—are unduly prejudicial to CM Regent.  There is no merit to the motion to strike and it will be denied.

### III.    CONCLUSION

For the reasons set forth above, CM Regent's partial motion to dismiss and motion to strike will be denied by Order of Court to follow.

BY THE COURT:


s/  William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE


April 29, 2026
Date

7